The PEOPLE of the State of Colorado, Petitioner–Appellee, In the Interest of M.W., a Child,

and Concerning R.W., Respondent–Appellant.

No. 89CA0944.

Colorado Court of Appeals, Div. III.

June 28, 1990.

Rehearing Denied July 26, 1990.

Patrick R. Mahan, Jefferson County Atty., Daniel E. Ramsey, Karen S. Westrell, Asst. County Attys., Golden, for petitioner-appellee.

James P. Culbreth, Wheat Ridge, guardian ad litem.

Gordon & Marschhausen, Pamela A. Gordon, Denver, for respondent-appellant.

Opinion by Judge STERNBERG.

R.W., the mother, appeals from the judgment terminating the parent-child legal relationship with her daughter, M.W. We affirm.

M.W. and her older sister were adjudicated dependent and neglected in 1985 when their mother was unable to care for them. After a period of instability, the mother was diagnosed as suffering from long-term mental illness and became a resident in a nursing home. She apparently stabilized on medication and, by 1987, was living in a supervised two bedroom apartment which she shared with another woman. From the time the mother was in the nursing home, she maintained constant contact with her daughters by telephone and by periodic visits. She also enrolled in classes, took job training, and was periodically employed for up to several months at a time.

Early in 1989, after the older daughter was emancipated, a motion to terminate as to M.W. was filed. At the termination hearing, mother's primary therapist, a psychologist, and her caseworker testified. At the conclusion of the evidence, the court terminated the parent-child legal relationship.

## I.

The mother contends that the trial court erred in terminating the parent-child legal relationship because, while the guardian ad litem took an active part in the proceedings, he did not make any recommendation concerning the best interests of the child. We disagree.

The Children's Code provides that a guardian ad litem either shall or may, depending on the allegations of the petition, be appointed to represent the interests of the minor child when a petition is filed under § 19-3-502, C.R.S. (1989 Cum.Supp.). Section 19-3-203(1), C.R.S. (1989 Cum. Supp.); § 19-1-111(1), C.R.S. (1989 Cum. Supp.). Once appointed, a guardian ad litem:

"shall be charged in general with the representation of the child's interests. To that end, he shall make such further investigations as he deems necessary to ascertain the facts and shall talk with or observe the child involved, examine and cross-examine witnesses in both the adjudicatory and dispositional hearings, introduce and examine his own witnesses, make recommendations to the court concerning the child's welfare, appeal matters to the court of appeals or the supreme court, and participate further in the proceedings to the degree necessary to adequately represent the child."

Section 19-3-203(3), C.R.S. (1989 Cum. Supp.).

In light of this statutory wording, the issue before us, whether a guardian is required to make a recommendation to the trial court in a termination hearing, depends on whether the phrase "to the degree necessary to adequately represent the child" qualifies only the phrase "participate further in the proceedings" or whether it applies to each duty a guardian has under § 19-3-203.

■ A statute susceptible of more than one interpretation must be construed in light of its legislative intent and purpose. *In re Estate of David v. Snelson*, 776 P.2d 813 (Colo.1989); § 2-4-203, C.R.S. (1980 Repl.Vol. 1B). When a referential or qualifying clause follows several words or phrases and is applicable as much to the first word or phrase as to the others in the list, then the clause should be applied to all the words or phrases that preceded it. *In re Estate of David v. Snelson, supra.*

■ The purpose of the Children's Code is "to secure for each child ... such care and guidance ... as will best serve his welfare and the interests of society." Section 19-1-102(1)(a), C.R.S. (1989 Cum. Supp.). We conclude that in § 19-3-203, the phrase "to the degree necessary to adequately represent the child" is applicable to all the duties itemized for a guardian. This qualification of the duties helps effectuate the purpose of the Children's Code without imposing unnecessary duties on a guardian ad litem.

Hence, a guardian ad litem is not necessarily required to make a recommendation to the trial court in a termination hearing. Moreover, we note that the criteria for termination, as set forth in § 19-3-604, C.R.S. (1989 Cum.Supp.), do not require any recommendation from a guardian ad litem.

II.

■ The mother also contends that the trial court erred in determining that termination was in the child's best interests. We disagree.

There was testimony from several witnesses to the effect that termination of the legal relationship was in the daughter's best interests even though it was likely that the social relationship would continue regardless of whether M.W. was adopted. The trial court found, and we agree, that although mother had made commendable progress over the years, she was unlikely to be able to provide for her daughter's needs. *See People in Interest of C.A.K.*, 652 P.2d 603 (Colo.1982).

Judgment affirmed.

JONES and NEY, JJ., concur.