No. 14,410.

FRINK v. THE PEOPLE.
(83 P. [2d] 774)

Decided October 17, 1938.

Mr. J. H. Thomas, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Henry E. Lutz, Assistant, for the people.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Plaintiff in error Frink was found guilty of larceny of an unbranded colt, upon which the jury placed a valuation of $5, and sentenced to serve a period of from two to four years in the penitentiary. He was informed against jointly with one Calkins who never was apprehended. Reversal is sought on an application for supersedeas.

It was charged that the plaintiff in error "on or about the 16th day of January, A. D. 1938, at the said county of Alamosa and state of Colorado, did then and there unlawfully and feloniously steal, take, drive and carry away one horse, to wit: one bay mare colt, unbranded, of a value of $20.00, of the personal property, goods and chattels of one W. W. Andrews, and thereby did then and

there unlawfully and feloniously deprive the said W. W. Andrews, the owner thereof, of the immediate possession of said horse, contrary," etc.

■ It will be conceded that larceny of livestock under either section 33, chapter 160, volume 4 (C. L. §3149), or section 93 of chapter 48, volume 2, '35 C. S. A. (C. L. §6728), is a felony, subjecting anyone convicted thereof to sentence to the penitentiary; that for the purpose of prosecution under either, they are in pari materia, and no allegation and proof of value is necessary. *Kollenberger v. People,* 9 Colo. 233, 11 Pac. 101.

■ However, it does not follow that these provisions are exclusive of the general larceny statute (section 85, chapter 48, volume 2, '35 C. S. A., C. L. §6719), if for some reason the district attorney desires to prosecute under it. This section reads in part as follows: "Larceny is the felonious stealing, taking and carrying, leading, riding or driving away the personal goods or chattels of another. Larceny shall embrace every theft which deprives another of his money or other personal property * * *."

"Larceny * * * in all cases where the money or the value of the thing stolen * * * does not exceed twenty dollars, is hereby declared to be a misdemeanor." '35 C. S. A., vol. 2, c. 48, §104, C. L. §6738.

■ It thus becomes apparent that the information in this case included petit, as well as grand, larceny, and even though the district attorney may have considered the case one of grand larceny under the larceny of livestock sections, supra, by injecting the question of value into the case and introducing evidence in relation thereto, he elected to try it as a general larceny charge under sections 85 and 104, supra.

This conclusion is fortified by the instruction to the jury to find the value, which it did, indicating that they, too, considered the question of value important.

■ We cannot regard the verdict other than as one

of guilty of petit larceny, consequently, the penitentiary sentence was unjustified and erroneous.

Judgment as to guilt is affirmed, but for sentence, it is reversed, and the cause remanded, the court to impose sentence as for petit larceny.