The **PEOPLE** of the State of Colorado, Plaintiff-Appellant,

v.

**Insuk BAGBY, Defendant-Appellee.**

No. 85SA74.

Supreme Court of Colorado, En Banc.

March 30, 1987.

Rehearing Denied April 27, 1987.

Barney Iuppa, Dist. Atty., Scott W. Storey, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

Anthony A. Johnson, Colorado Springs, for defendant-appellee.

KIRSHBAUM, Justice.

The People appeal the judgment of the El Paso County District Court dismissing an information charging the defendant, Insuk Bagby, with the offense of offering a false instrument for recording in violation of section 18–5–114, 8B C.R.S. (1986). We affirm.

On September 6, 1984, the defendant filed an application and an individual history record with the El Paso County Clerk and Recorder requesting issuance of a hotel and restaurant liquor license for the Paradise Restaurant & Lounge in Colorado Springs. Both documents required answers to the question of whether the applicant ever had a "direct or indirect interest" in any Colorado liquor license. The defendant answered these questions "no." However, the defendant was at that time vice president and director of Oriental King Corp., which corporation owned the Oriental King Restaurant & Nite Club.[1] On April 19, 1984, the restaurant had been granted a renewal of its hotel and restaurant liquor license.

Section 18–5–114 defines the offense of offering a false instrument for recording as follows:

> **Offering a false instrument for recording.** (1) A person commits offering a false instrument for recording in the first degree if, knowing that a written instrument relating to or affecting real or personal property or directly affecting contractual relationships contains a material false statement or material false information, and with intent to defraud, he presents or offers it to a public office or a public employee, with the knowledge or belief that it will be registered, filed, or recorded or become a part of the records of that public office or public employee.
>
> (2) Offering a false instrument for recording in the first degree is a class 5 felony.

The district court dismissed the information charging the defendant with a violation of this statute on the ground that the conduct constituted at best a misdemeanor violation of the Colorado Liquor Code (the Liquor Code), §§ 12–47–101 to –143, 5 C.R.S. (1985 & 1986 Supp.), and should have been so charged. Section 12–47–130, 5 C.R.S. (1985), provides that any person who violates any provision of the Liquor Code, or any of the rules and regulations authorized and adopted pursuant thereto, is guilty of a misdemeanor.[2] Section 12–47–

---

1. The renewal application documents filed by the Oriental King Restaurant & Nite Club stated that the defendant had no ownership interest in Oriental King Corp.

2. Section 12–47–130 states as follows:

**Violations and penalty.** (1)(a) Any person violating any of the provisions of [the Liquor Code] or any of the rules and regulations authorized and adopted pursuant to it is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more

129(4)(a), 5 C.R.S. (1985), provides in part that the state licensing authority "shall require a complete disclosure of all persons having a direct or indirect financial interest, and the extent of such interest, in each hotel and restaurant license issued under [the Liquor Code]." Regulation 47–107.1 of the Department of Revenue, 1 C.C.R. 203–2, provides that "[a]ll information submitted to any licensing authority, by application for license or otherwise, shall be given fully, faithfully, truthfully and fairly." [3]

The defendant's conduct, as alleged, arguably violates Regulation 47–107.1 and section 12–47–129(4)(a). Section 12–47–130 defines such violations as misdemeanor offenses and establishes the punishment applicable to such misconduct. The People assert that the same alleged conduct violates section 18–5–114 and, therefore, may be charged as a distinct felony offense. The People rely on the provisions of section 18–1–408(7), 8B C.R.S. (1986), to support this argument. That statute states as follows:

If the same conduct is defined as criminal in different enactments or in different sections of this [criminal] code, the offender may be prosecuted under any one or all of the sections or enactments subject to the limitations provided by this section. It is immaterial to the prosecution that one of the enactments or sections characterizes the crime as of lesser degree than another, or provides a lesser penalty than another, or was enacted by the general assembly at a later date than another unless the later section or enactment specifically repeals the earlier.

It is well settled that enactment by the General Assembly of a specific criminal statute does not preclude prosecution under a general criminal statute unless a legislative intent is shown to limit prosecution to the special statute. *People v. Westrum*, 624 P.2d 1302 (Colo.1981); *People v. James*, 178 Colo. 401, 497 P.2d 1256 (1972); *Hucal v. People*, 176 Colo. 529, 493 P.2d 23

---

than five thousand dollars for each offense, or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment. The court trying such offense may decree that any license theretofore issued under the provisions of [the Liquor Code] or of any law relating to the sale of malt, vinous, or spirituous liquors to such person operating the place of business in which said offense was committed be suspended or revoked and may decree that no license for the sale of malt, vinous, or spirituous liquors shall ever thereafter be issued to any such person convicted of such violations.

(b) The penalties provided in this section shall not be affected by the penalties provided in any other section of [the Liquor Code] but shall be construed to be in addition to any other penalties.

(2) Any person violating any of the provisions of section 12–47–128(1)(a) commits a class 2 misdemeanor and shall be punished as provided in section 18–1–106, C.R.S.

(3) Any person violating any of the provisions of section 12–47–128(1)(b), (1)(c), or (5)(h) commits a class 2 misdemeanor and shall be punished as provided in section 18–1–106, C.R.S. For the second conviction and for all subsequent convictions of violating the provisions of section 12–47–128(1)(b) or (1)(c), the court shall impose at least the minimum fine and shall have no discretion to suspend any fine so imposed; except that the court may provide for the payment of such fine as provided in subsection (4) of this section.

(4) At the discretion of the court, the fines provided for violations of section 12–47–128(1)(b) and (1)(c) may be ordered to be paid by public work only at a reasonable hourly rate to be established by the court who shall designate the time within which such public work is to be completed.

(5) Any person violating the provisions of section 12–47–128(1)(d) may be proceeded against pursuant to section 19–3–119, C.R.S., for contributing to the delinquency of a minor.

3. Section 12–47–105(1)(b), 5 C.R.S. (1985), authorizes the state licensing authority to make "general rules and regulations and such special rulings and findings as necessary for the proper regulation and control of the manufacture, distribution, and sale of malt, vinous, and spirituous liquors." Section 12–47–105(2)(a) provides that such rules and regulations may cover "all forms necessary or convenient in the administration of [the Liquor Code]," and section 12–47–107(1), 5 C.R.S. (1985), requires official application forms to "set forth such information as the state licensing authority may require to enable the authority to determine whether a license should be granted." These sections authorize the state licensing authority to require complete disclosure by hotel and restaurant liquor license applicants of any direct or indirect interest they might have in other Colorado liquor licenses.

(1971); *see Frink v. People,* 103 Colo. 172, 83 P.2d 774 (1938). Under the circumstances here presented, the General Assembly has demonstrated its intent to limit prosecution for Liquor Code violations to the penalty provisions therein established.

■ In section 12–47–102(1) the General Assembly has declared that the Liquor Code is adopted as "an exercise of the police powers of the state for the protection of the economic and social welfare and the health, peace and morals of the people of the state." This broad language suggests that in adopting specific penal provisions in the Liquor Code, the General Assembly exercised the full police power of the state and considered the full range of possible sanctions in selecting those most appropriate for violations of the Liquor Code. The very structure of the Liquor Code, with its detailed descriptions of the licensing process and specific directions to licensing authorities concerning the exercise of regulatory power, further indicates a thorough legislative consideration of all aspects of the licensing process, including the fashioning of appropriate sanctions. The provisions of section 12–47–130, carefully defining different types of offenses with particularized references to specific provisions of the Colorado Criminal Code (the Criminal Code), §§ 18–1–101 to 18–1–108, 8B C.R.S. (1986), further evidence an intent to fully delineate in the Liquor Code itself the types of punishment available for violations of its provisions. *See* § 12–47–130(2)–(5). Finally, it is noteworthy that in a very few instances the General Assembly has provided specifically that some conduct prohibited by provisions of the Liquor Code shall be prosecuted as felonies under particular sections of the Criminal Code. *See,*

*e.g.,* §§ 12–47–105(3) (authorizing prosecution for first degree perjury); 12–47–128(5)(n)(II) (authorizing prosecution for certain gambling practices). *See also* § 12–47–130(2). The designation of a very few violations as matters to be prosecuted under provisions of the Criminal Code strongly indicates a legislative determination that all other violations of the Liquor Code shall be prosecuted as provided by the penal provisions of the Liquor Code itself.

These features of the Liquor Code lead to the conclusion that in adopting this comprehensive regulatory program, with detailed attention to various types of punishment for different violations thereof, the General Assembly intended that, unless otherwise indicated by specific provisions of the Liquor Code, prosecutorial discretion for violations of the Liquor Code is limited to the specific punishment provisions set forth in the Liquor Code itself for such conduct. Thus, in circumstances such as here presented, when a defendant's conduct in applying for a license under the Liquor Code violates a specific provision of the Liquor Code, or a rule or regulation promulgated thereunder, and also violates more general provisions of some other penal statute, criminal charges may be filed only under the penal provisions specifically provided by the Liquor Code.

For the foregoing reasons, the judgment of the district court is affirmed.