The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Gordon E. ECKLEY, Marian M. Eckley, and the Denver Real Estate Company, Defendants–Appellees.

The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

William R. "Bud" CARROLL, Defendant–Appellee.

Nos. 87SA189, 87SA255.

Supreme Court of Colorado, En Banc.

June 26, 1989.

---

On January 25, 1985, the Eckleys and Denver Real Estate moved to dismiss all counts filed against them in *People v. Eckley*, except those counts alleging violations of the Colorado Liquor Code, sections 12–47–101 to –143, 5 C.R.S. (1978 & 1984 Supp.) (Liquor Code), on the ground that the challenged counts involved activities relating to liquor license applications and could not be prosecuted under the general provisions of the Criminal Code. The trial court denied that motion. In early April 1987, the Eckleys and Denver Real Estate filed motions for reconsideration based on this court's decision in *People v. Bagby*, 734 P.2d 1059 (Colo.1987). The trial court granted the motion on April 10, 1987, and ordered fifty-seven of the ninety-seven counts then pending dismissed.[3] Carroll filed a similar motion in *People v. Carroll*, and on June 9, 1987, the trial court dismissed that case.

## II

■ In *People v. Eckley*, the People argue only that the trial court erred in dismissing ten counts of the indictment. Five of those counts—counts 12, 14, 18, 81 and 87—allege that Eckley violated official duties of a notary by notarizing various documents in which he had a disqualifying interest, in violation of sections 12–55–110 and 12–55–116, 5 C.R.S. (1985). Eckley contends, as he successfully argued to the trial court, that any alleged irregularities in his notarization of these documents must be deemed violations of the Liquor Code under *People v. Bagby*, 734 P.2d 1059

(Colo.1987), and therefore cannot be prosecuted as separate offenses. We disagree.

The five documents underlying the five notarization charges filed against Eckley are documents which were required to be filed with state or local liquor licensing authorities in connection with particular liquor license applications. Three of those documents were filed in connection with an application by 0038, Inc. for a tavern liquor license.[4] The other two documents are assignment affidavits which were filed in connection with applications by the Sip'n Eat Lounge and J.M.M., Inc., respectively, for tavern liquor licenses. Under *Bagby*, the trial court concluded that because these documents were created or filed for the purpose of obtaining liquor licenses, Eckley's conduct in improperly notarizing the documents violated provisions of the Liquor Code and could not also serve as the basis for prosecution under other criminal statutes.

The defendant in *Bagby* was an applicant for a liquor license who by his own conduct violated specific requirements of the Liquor Code pertaining to all applicants. Regulation 47–107.1, 1 C.C.R. 203–2 (1982), of the regulations promulgated by the Department contains provisions regulating the form and content of documents submitted by applicants for state licenses. The person or entity whose conduct is specifically regulated by these provisions is the applicant. The pleadings here do not suggest that Eckley was an applicant for any liquor license. Eckley argues that section 12–47–129(4)(a), 5 C.R.S. (1978 & 1984 Supp.), is a specific provision of the Liquor

---

transferred to the Adams County District Court for trial and does not contain allegations against Carroll, it may be that, as the People's opening brief suggests, the trial court's order of dismissal contains a clerical error and in fact dismissed count 77 rather than count 73. The People do not present any arguments concerning the dismissal of the six counts in *People v. Carroll*. The only relief requested, other than the request that *People v. Bagby*, 734 P.2d 1059 (Colo.1987), be overruled, is a request to reverse that portion of the trial court's order in *People v. Eckley* dismissing ten counts against the Eckleys and Denver Real Estate. In this posture, we deem the appeal in *People v. Carroll* to be abandoned, and therefore dismiss the same.

**3.** Most of the remaining counts involved parties other than the Eckleys and Denver Real Estate. Subsequent to the filing of this appeal, the Eckleys and Denver Real Estate filed a joint motion to dismiss all remaining misdemeanor counts pending against them. On November 19, 1987, this court remanded *People v. Eckley* for consideration of the motion, and the trial court granted it. That judgment has not been appealed.

**4.** Count 12 is based on a corporate consent to release financial information form. Count 14 is based on a background information report form. Count 18 is based on a corporate applicant supplemental form.

Code that regulated his conduct here. That section states as follows:

It is unlawful for any owner, part owner, shareholder, or person interested directly or indirectly in any retail liquor store, retail license, liquor licensed drugstore, or retail dispensary of any kind licensed pursuant to this article to conduct, own either in whole or in part, or be directly or indirectly interested in any other retail liquor store, retail license, or retail dispensary of any kind licensed pursuant to this article in this state; except that it is not unlawful for any owner, part owner, shareholder, or person interested directly or indirectly in any hotel and restaurant license to conduct, own either in whole or in part, or be directly or indirectly interested in any other hotel and restaurant license or establishment. The state licensing authority, by rule and regulation, shall require a complete disclosure of all persons having a direct or indirect financial interest, and the extent of such interest, in each hotel and restaurant license issued under this article. A willful failure to report and disclose the financial interests of all persons having a direct or indirect financial interest in a hotel and restaurant license shall be grounds for suspension or revocation of such license by the state licensing authority. The invalidity of any provision of this paragraph (a) concerning interest in more than one hotel and restaurant license shall invalidate all interests in more than one hotel and restaurant license, and such invalidity shall make any such interest unlawful financial assistance as described by this paragraph (a).

While this statute requires disclosure of information such as that contained in the documents underlying these five charges, it requires the state licensing authority to develop rules and regulations prescribing processes for revealing that information. Those rules and regulations require the filing of reports and documents by applicants and licensees. The rules and regulations do not require every person who owns an interest in a tavern or other entity subject to the Liquor Code to file such information. No party has suggested that Eck-ley was an applicant or licensee with respect to the establishments named in the counts dismissed by the trial court or that he was required by any specific provisions of the statute or of the Department's rules and regulations to file any of these documents. Thus, contrary to the circumstances in *Bagby,* no specific statute or rule regulates the conduct allegedly undertaken by Eckley in these counts. His alleged misconduct as a notary public was proscribed by the statutes regulating the conduct of notaries. *See* §§ 12–55–104 to –211, 5 C.R.S. (1985 & 1988 Supp.).

█ Eckley also argues that the conduct as alleged in the indictment here violated section 12–47–107(1), 5 C.R.S. (1985), which provides in pertinent part that each application for a license "shall be verified by the oath or affirmation of such person or persons as the state licensing authority may prescribe." Department rules and regulations require applicants to verify certain information submitted in connection with licensing procedures; the Eckleys have not suggested that some rule or regulation specifically addresses the conduct of notaries or of anyone else other than the applicant. It may at first blush appear anomalous that one who encourages and assists an applicant to violate provisions of the Liquor Code is subject in some instances to sanctions more severe than might be imposed directly upon the applicant for such violations. However, such statutory scheme has the salutary effect of strongly discouraging non-applicants who would not necessarily interface with Department personnel from subverting the reporting requirements of the Liquor Code.

We find no merit to the arguments of Eckley that the five counts based on alleged violations of the notary statute also allege violations of specific provisions of the Liquor Code. We therefore reverse that portion of the trial court's order dismissing counts 12, 14, 18, 81 and 87.

### III

█ The People argue that the trial court also erred in dismissing counts 6, 8, 9, 58 and 75. These counts alleged various felony offenses against the Eckleys and Denver Real Estate in connection with li-

cense applications filed by 0038, Inc., Pastime, Inc., and Thee Pizzeria, Inc.[5] As noted in our discussion concerning the five counts alleging violation of provisions of statutes regulating the conduct of notaries, our decision in *Bagby* held only that a defendant whose conduct was prohibited by a specific provision of the Liquor Code must be prosecuted under the provisions of that Code even though the same conduct also violated provisions of the general Criminal Code. The Eckleys and Denver Real Estate have not indicated any provisions of the Liquor Code or departmental rules or regulations promulgated thereunder that specifically proscribe the conduct alleged in these counts. The documents underlying these five counts are required to be filed by applicants for licenses. Neither the General Assembly nor the Department has adopted specific provisions requiring persons other than applicants to file such documents and to be accountable under the penal provisions of the Liquor Code for their form and content. The Eckleys and Denver Real Estate are not insulated by specific provisions of the Liquor Code from prosecution under the criminal statutes defining the offenses alleged in these counts.

IV

The People also urge this court to overrule our unanimous decision in *People v. Bagby*, 734 P.2d 1059 (Colo.1987). We decline to do so.

V

Although the People have appealed the trial court's order in *People v. Carroll*, no

arguments have been presented in the People's appellate briefs with respect to any of the six counts of the indictment involved in that case. We therefore deem the appeal in that case to be abandoned. *See* C.A.R. 28(a)(4); *Farrell v. Bashor*, 140 Colo. 408, 409–10, 344 P.2d 692, 693 (1959); *Blinder, Robinson & Co., Inc. v. Alzado*, 713 P.2d 1314, 1319 (Colo.App.1985), *aff'd and rev'd on other grounds*, 752 P.2d 544 (Colo. 1988).

The trial court's order in *People v. Eckley* is reversed and that case is remanded to the trial court with directions to reinstate counts 6, 8, 9, 12, 14, 18, 58, 75, 81 and 87 and to conduct further proceedings thereon. The appeal in *People v. Carroll* is dismissed.

---

5. The counts allege the following offenses:

   Count 6: second degree forgery, in violation of § 18–5–103(1)(b), 8B C.R.S. (1986) (articles of incorporation filed with the Colorado Secretary of State; Colorado Department of Revenue, Liquor Enforcement Division; and City of Lakewood).

   Count 8: offering false instrument for recording, in violation of § 18–5–114, 8B C.R.S. (1986) (articles of incorporation filed with the Colorado Secretary of State).

   Count 9: conspiracy in violation of § 18–2–201, 8B C.R.S. (1986), to commit second degree perjury (§ 18–8–503, 8B C.R.S. (1986)); second degree forgery (§ 18–5–103, 8B C.R.S. (1986)); offering false instruments

for recording (§ 18–5–114, 8B C.R.S. (1986)); official misconduct of a notary (§ 12–55–116, 5 C.R.S. (1985)); and unlawful financial assistance (§ 12–47–129, 5 C.R.S. (1978 & 1984 Supp.)).

   Count 58: second degree forgery, in violation of § 18–5–103(1)(b), 8B C.R.S. (1986) (U.C.C. security agreement filed with the Colorado Secretary of State and Colorado Department of Revenue, Liquor Enforcement Division).

   Count 75: offering false instrument for recording, in violation of § 18–5–114, 8B C.R.S. (1986) (U.C.C. financing statement filed with the Colorado Secretary of State).