The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Rosann Elaine O'DONNELL,
Defendant–Appellee.

No. 95CA0274.

Colorado Court of Appeals,
Div. V.

Feb. 8, 1996.

As Modified on Denial of Rehearing
March 21, 1996.

Certiorari Denied Oct. 28, 1996.

Robert S. Grant, District Attorney, Candace Black, Deputy District Attorney, Brighton, for Plaintiff–Appellant.

David F. Vela, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for Defendant–Appellee.

Opinion by Judge ROTHENBERG.

The People appeal the judgment of the trial court dismissing the charge of contributing to the delinquency of a minor against defendant, Rosann Elaine O'Donnell. We affirm.

Police officers entered defendant's home while investigating a reported shooting. Inside with the 20–year–old defendant were several juveniles who told the officers they had been drinking beer. The officers observed a partially consumed keg of beer, as well as bottles of alcohol, on the premises.

Based on these circumstances, defendant was charged with a class four felony, contributing to the delinquency of a minor in violation of § 18–6–701(1), C.R.S. (1995 Cum. Supp.) for inducing, aiding, and encouraging a child to violate § 18–13–122(2)(a), C.R.S. (1995 Cum.Supp.), which defines as a criminal offense the possession of alcohol by an underage person.

Defendant's alleged conduct is also defined as a class two misdemeanor by § 12–47–128(1), C.R.S. (1991 Repl.Vol. 5B) of the Colorado Liquor Code. That statute states in pertinent part:

Except as provided in section 18–13–122, C.R.S., it is unlawful for any person:

(a) To sell, serve, give away, dispose of, exchange, or deliver or permit the sale, serving, giving or procuring of any malt, vinous, or spirituous liquor to or for any person under the age of twenty-one years. . . .

Defendant moved to have the charge dismissed, asserting that prosecution for her conduct was limited to an action under the liquor code. The trial court granted the motion.

### I.

In *People v. Bagby,* 734 P.2d 1059 (Colo. 1987), the supreme court held that one whose conduct was prohibited by a specific provision of the Colorado Liquor Code, § 12–47–101, et seq., C.R.S. (1991 Repl.Vol. 5B), must be prosecuted under that provision, even though the same conduct also violated provisions in the general criminal code. *Cf. People v. Eckley,* 775 P.2d 566 (Colo.1989) (charges erroneously dismissed when defendant's conduct was not regulated specifically by the liquor code). The People acknowledge that *Bagby* would be dispositive if applicable to the facts here. However, they contend that the reenactment of §§ 18–6–701 & 18–13–122 following the *Bagby* decision demonstrates the General Assembly's intention to limit that case's applicability. We are not persuaded.

The General Assembly is presumed to know and consider relevant judicial precedent when it enacts legislation in a particular area. Thus, when a statute is amended, the previous judicial construction stands only to the extent that it remains unaffected by the amendment. *United States Fidelity & Guaranty, Inc. v. Kourlis,* 868 P.2d 1158 (Colo.App.1994).

According to the People, the applicability of *Bagby* has been limited by Colo.Sess. Laws 1987, ch. 138, § 18–6–701 in which the General Assembly reenacted the general statute prohibiting conduct contributing to the delinquency of a minor. However, contrary to the People's contention, § 18–6–701 is not materially different from the provision in the children's code in effect when *Bagby* was announced and which then prohibited

such conduct. *Compare* Colo.Sess.Laws 1987, ch. 138 at 817 (creating § 18–6–701, C.R.S. (1995 Cum.Supp.), the post-*Bagby* criminal code provision for contributing to the delinquency of a minor) *with* Colo.Sess. Laws 1983, ch. 209 at 722 (creating § 19–3–119(3), C.R.S. (1986 Repl.Vol. 8B), children's code provision for contributing to the delinquency of a minor). We thus reject their argument.

## II.

■ The People next contend that, because of the 1990 enactment of Colo.Sess. Laws 1990, ch. 133, § 18–13–122 at 1000, *Bagby* is inapplicable to the charges here. Again, we disagree.

The General Assembly has recognized the relationship between § 18–13–122 and provisions of the then-existing liquor code. This is evidenced by Colo.Sess.Laws 1990 ch. 133, § 12–47–128, in which it added the phrase "[e]xcept as provided in § 18–13–122, C.R.S." to the statute at issue.

However, in the same legislative session, the General Assembly established that certain instances of conduct involving alcohol use by minors with parental permission, or for medicinal or religious purposes, constitute an affirmative defense to such charges. *See* §§ 18–13–122(3) & 18–13–122(4), C.R.S. (1995 Cum.Supp.).

Section 18–13–122(9), C.R.S. (1995 Cum. Supp.) also enacted in 1990 provides that:

Nothing in this section shall be construed to limit or preclude prosecution for any offense pursuant to article 46, 47, or 48 of title 12, C.R.S., *except as provided in such articles.* (emphasis added)

While this section read alone might appear to allow felony prosecution of defendant's conduct, that possibility is foreclosed by the restriction set forth in § 12–47–130(2), C.R.S. (1995 Cum.Supp.) which clarifies that any person violating § 12–47–128(1)(a) commits a class 2 misdemeanor.

Additionally, the General Assembly has specifically noted the applicability of § 18–6–701 to article 47 in § 12–47–130(5), C.R.S. (1991 Repl.Vol. 5B), which provides that:

Any person violating the provisions of section 12–47–128*(1)(d)* may be proceeded against pursuant to section 18–6–701, C.R.S., for contributing to the delinquency of a minor. (emphasis added)

Here, defendant's conduct is prohibited by § 12–47–128(1)(a), not § 12–47–128(1)(d). If the General Assembly had wished to provide for the applicability of § 18–6–701 to violations of § 12–47–128(1)(a), and thereby transform this class 2 misdemeanor punishable by a maximum of 1 year in county jail and a $1,000 fine into a class 4 felony, punishable presumptively by two to six years imprisonment in the Department of Corrections, it would have done so.

Because we conclude that §§ 18–6–701 & 18–13–122, C.R.S. (1995 Cum.Supp.) do not supersede the liquor code, *People v. Bagby, supra,* is dispositive. Therefore, the trial court correctly dismissed the felony charge on that basis.

The judgment is affirmed.

TAUBMAN and CASEBOLT, JJ., concur.