The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

James D. **STANSBERRY**, Defendant–Appellant.

No. 02CA0102.

Colorado Court of Appeals, Div. IV.

Sept. 11, 2003.

Certiorari Denied Feb. 17, 2004.

Ken Salazar, Attorney General, Melissa D. Allen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Pamela A. Dayton, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Chief Judge DAVIDSON.

Defendant, James D. Stansberry, appeals from the judgment of conviction entered after a bench trial in which he was found guilty of forgery. Defendant's sole claim on appeal is that his right to equal protection was violated because he was not prosecuted for the less serious offense of displaying an altered motor vehicle registration number plate. We affirm.

At trial, the parties stipulated that defendant altered the expiration date of a temporary registration plate that had been issued to a car owned by another person. Defendant also displayed the altered temporary plate in the rear window of his own car.

Defendant was convicted of violating the following section:

A person commits forgery, if, with intent to defraud, such person falsely makes, completes, alters, or utters a written instrument which is or purports to be, or which is calculated to become or to represent if completed ... [a] written instrument officially issued or created by a public office, public servant, or government agency.

Section 18–5–102(1)(e), C.R.S.2002. Forgery is a class five felony. Section 18–5–102(2), C.R.S.2002.

Section 42–3–133(1)(b), C.R.S.2002, the statute under which defendant contends he should have been prosecuted, provides as follows:

It is unlawful for any person to ... display or cause or permit to be displayed, to have in possession, or to offer for sale any certificate of title, validation tab or sticker, or registration number plate knowing the same to be fictitious or to have been stolen, cancelled, revoked, suspended, or altered.

The statute further provides that a violation of this section is a class two misdemeanor traffic offense. Section 42–3–133(2)(b), C.R.S.2002.

■ Enactment by the General Assembly of a specific criminal statute does not preclude prosecution under a general criminal statute unless a legislative intent to limit prosecution to the specific statute is shown. *People v. Bagby*, 734 P.2d 1059 (Colo.1987); *People v. Tow*, 992 P.2d 665, 667 (Colo.App. 1999).

■ To determine whether by enacting a specific statute the General Assembly intended to preclude prosecution under a general statute, we focus upon: (1) whether the specific statute invokes the full extent of the state's police powers; (2) whether the specific statute is part of an act creating a comprehensive and thorough regulatory scheme to control all aspects of a substantive area; and (3) whether the act carefully defines different types of offenses in detail. *People v. Bagby, supra; People v. Tow, supra.*

In *People v. Bagby, supra*, the defendant was charged with the general felony offense of offering a false instrument for recording after he falsely filled out a liquor license application. The same conduct was more specifically proscribed by various sections and implementing regulations of the Colorado Liquor Code, which provided that such violations were to be punished as misdemeanors. The supreme court held that the defendant could only be prosecuted for the violation of the Liquor Code, reasoning that the broad language and detailed structure of

the Liquor Code indicated a thorough legislative consideration of all aspects of the licensing process, including the fashioning of appropriate sanctions. The court noted that the provisions of the Liquor Code carefully defined different types of offenses with references to specific provisions of the Colorado Criminal Code, indicating an intent to fully delineate in the Liquor Code itself the types of punishment available for violations of its provisions. *People v. Bagby, supra,* 734 P.2d at 1062.

Here, the legislative declaration preceding § 42–3–133(1)(b) provides as follows:

(1) The general assembly declares that its purpose in enacting this article and amendments thereto is to implement by law the purpose and intent of section 6 of article X of the state constitution, as adopted in the general election held on November 8, 1966, and amended in the general election held November 2, 1976, wherein it is provided, among other things, that "The general assembly shall enact laws classifying motor vehicles and also wheeled trailers, semi-trailers, trailer coaches, and mobile and self-propelled construction equipment, prescribing methods of determining the taxable value of such property, and requiring payment of a graduated annual specific ownership tax thereon, which tax shall be in lieu of all ad valorem taxes upon such property."

(2) It further declares that it intends to classify in this article the personal property so specified, to prescribe methods by which the taxable value of such classified property shall be determined, to require payment of a graduated annual specific ownership tax upon each item of such classified personal property, and to provide for the administration and collection of such tax and for the apportionment and distribution of the revenue derived therefrom.

Section 42–3–101, C.R.S.2002.

■ Unlike the Liquor Code analyzed in *Bagby,* this legislative declaration does not contain a broad invocation of police powers. Rather, this legislative declaration makes it clear that the primary purpose of Article 3 of Title 42 is the assessment and collection of motor vehicle taxes. *See People . v. Tow,*

*supra,* 992 P.2d at 668 (distinguishing *Bagby* and concluding that the legislative declaration of the Uniform Safety Code, within which the prohibition against careless driving resulting in death was placed, did not invoke the full extent of the state's police powers because it reflected the narrow purpose of alleviating conflicts and achieving uniformity among traffic laws).

■ With respect to the second and third *Bagby* factors, we conclude that § 42–3–133(1)(b) is part of an act creating a comprehensive and thorough regulatory scheme which contains carefully defined criminal offenses relating to the evasion of motor vehicle taxes. However, we are not persuaded that Article 3 was intended to control *all* aspects of that substantive area because it does not contain a complete and exclusive list of offenses and sanctions flowing from acts committed in the course of unlawfully evading motor vehicle taxes.

The limited scope of Article 3 of Title 42 is best illustrated by an examination of defendant's conduct as it relates to § 42–3–133(1)(b). Defendant committed two distinct criminal acts in this case: (1) he *altered* a temporary plate, a written instrument officially issued by a government agency; and (2) he *displayed* the altered temporary plate in his car. Only the second act is prohibited by § 42–3–133(1)(b). Significantly, nothing in that section or any other part of Article 3 establishes the penalty for a person who *alters* a registration plate by forgery.

The limited scope of Article 3 of Title 42 is also demonstrated by the fact that § 42–3–133(1)(b) prohibits the display, possession, or sale of a registration plate "knowing the same ... to have been stolen." Nothing in § 42–3–133 or Article 3 addresses the more serious offense of theft that is committed when a person *steals* a registration plate. Here again, the fact that the General Assembly only proscribed that conduct which most directly relates to the evasion of motor vehicle registration taxes shows that Article 3 of Title 42 was not intended to address all related types of criminal conduct. *See People v. Tow, supra.*

Accordingly, we conclude that defendant was subject to prosecution under the forgery statute and that his conviction for this offense does not violate equal protection principles.

The judgment is affirmed.

Judge GRAHAM and Judge HUME * concur.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.