1
 2025 CO 13 The People of the State of Colorado, Plaintiff-Appellant v. Ashley Hernandez, Defendant-Appellee No. 24SA213
Supreme Court of Colorado, En Banc
April 14, 2025

 Appeal
 from the District Court El Paso County District Court Case
 No. 23CR4830 Honorable Dinsmore Tuttle, Senior Judge

 Appeal
 Transferred

 Attorneys for Plaintiff-Appellant: Michael J. Allen, District
 Attorney, Fourth Judicial District Amanda Velazquez, Deputy
 District Attorney Doyle Baker, Senior Deputy District
 Attorney Colorado Springs, Colorado

 Attorneys for Defendant-Appellee: Gehring Law Firm Ltd.
Christopher Gehring Denver, Colorado

 PER
 CURIAM

 ¶1
The People appeal from the district court's order
 dismissing a single-count complaint and information against
 Ashley Hernandez. We do not reach the merits of the district
 court's ruling. Instead, we conclude as a threshold
 jurisdictional matter that, because the district court's
 order dismissed Hernandez's criminal count on as-applied
 constitutional grounds, this case should have been appealed
 to the court of appeals under section 16-12-102(1), C.R.S.
(2024), and C.A.R. 4(b)(6)(A). We therefore transfer this
 case to the court of appeals.

 I.
Facts and Procedural History

 ¶2
The People initially charged Hernandez with one count of
 retaliation against a judge-harassment under section
18-8-615(1)(a), C.R.S. (2024), based on statements she made
 to a judge while the two were riding in a courthouse
 elevator. Hernandez moved to dismiss the charge, arguing that
 her statements were protected speech under the First
 Amendment. The People amended the complaint to charge one
 count of retaliation against a judge-credible threat under
 section 18-8-615(1)(b). The People also responded to the
 motion to dismiss, arguing that Hernandez's statements
 constituted true threats of violence and, therefore, were not
 protected by the First Amendment.

 ¶3
The district court sided with Hernandez and dismissed the
 charge on First Amendment grounds. In a written order, the
 court noted that an audio recording

 of the incident had been entered into the record during a
 pretrial motions hearing. Having reviewed that recording, the
 court acknowledged that Hernandez's language might have
 been disrespectful and the judge may have felt threatened.
However, the court found that no threats of violence were
 uttered. Citing Counterman v. Colorado, 600 U.S. 66,
 73 (2023), the court reasoned that there was no evidence that
 Hernandez recklessly disregarded the threatening nature of
 her words. It therefore dismissed the charge because it
 concluded that Hernandez's statements were protected
 speech and the charge against her was unconstitutional as
 applied.

 ¶4
The People then appealed to this court, citing section
 16-12-102(1) and C.A.R. 4(b)(6)(B) as the basis for our
 jurisdiction. After the parties submitted briefs on the
 merits of the district court's ruling, we ordered
 supplemental briefing to address whether the appeal had been
 properly filed. Specifically, we asked the parties to discuss
 whether the district court's order determined "that
 a statute, municipal charter provision, or ordinance is
 unconstitutional" under Rule 4(b)(6)(B).

 II.
Appeals of As-Applied Constitutional Rulings

 ¶5
The People argue that section 16-12-102(1) and Rule
 4(b)(6)(B) require rulings that address constitutional
 challenges, whether facial or as applied, to be appealed to
 this court. Hernandez disagrees and argues that as-applied

 constitutional rulings must be appealed to the court of
 appeals. Further, she asserts that because the People failed
 to do so here, this court lacks jurisdiction and must dismiss
 the case with prejudice.

 ¶6
We conclude that dismissal of a criminal count on the grounds
 that it is unconstitutional as applied must be appealed, if
 at all, to the court of appeals under section 16-12-102(1)
and C.A.R. 4(b)(6)(A). However, a party's erroneous
 filing in this court does not require dismissal of the
 appeal. Rather, the case must be transferred to the court of
 appeals under section 13-4-110(2) and (3), C.R.S. (2024).

 A.
Jurisdiction

 ¶7
We have the power, as a threshold matter, to determine
 whether we have jurisdiction in a case. Every tribunal has
 jurisdiction to determine its own jurisdiction. Keystone,
 a Div. of Ralston Purina Co. v. Flynn, 769 P.2d 484, 488
 n.6 (Colo. 1989). This court also has jurisdiction to
 determine the jurisdiction of lower courts. Colo. Const. art.
 VI, § 1; see also People ex rel. Union Tr. Co. v.
 Superior Ct., 488 P.2d 66, 68 (Colo. 1971) (determining
 that a lower court had appellate jurisdiction).

 ¶8
 Although we transfer the merits of this appeal to the court
 of appeals, we issue this opinion under our "plenary
 authority to promulgate and interpret"

Colorado court rules, including the rules of appellate
 procedure. People v. Steen, 2014 CO 9, ¶ 10,
 318 P.3d 487, 490; Colo. Const. art. VI, § 21.

 B.
Analysis

 ¶9
 Whether interpreting a statute or a court rule, "[w]e
 employ the same interpretive rules." Steen,
 ¶ 10, 318 P.3d at 490. "In so doing, we look to the
 plain and ordinary meaning" of the language used by the
 statute or rule. Id. at ¶ 9, 318 P.3d at 490
(quoting People v. Manzo, 144 P.3d 551, 554 (Colo.
2006)). If the language is unambiguous, we apply it as
 written. Id. at ¶ 10, 318 P.3d at 490. ¶10
Section 16-12-102(1) authorizes the prosecution to appeal
 "any decision of a court in a criminal case upon any
 question of law." It further states, "Any order of
 a court that either dismisses one or more counts of a
 charging document prior to trial . . . shall constitute a
 final order that shall be immediately appealable pursuant to
 this subsection (1)." Id. Notably, subsection
 (1) does not require such appeals to be filed in this court.
By contrast, subsection (2) expressly authorizes the
 prosecution to "file an interlocutory appeal in the
 supreme court" from certain trial court rulings.
§ 16-12-102(2) (emphasis added). The absence of
 comparable language in subsection (1) suggests that appeals
 from dismissals of criminal counts should be filed in the
 court of appeals. See § 13-4-102(1), C.R.S.
(2024) (stating that "the court of appeals shall have
 initial jurisdiction over appeals from final judgments of . .
 . the district courts"); see also Well Augmentation
 Subdistrict of Cent. Colo. Water Conservancy Dist. v. City of
 Aurora, 221 P.3d 399, 419 (Colo. 2009)

("When the General Assembly includes a provision in one
 section of a statute, but excludes the same provision from
 another section, we presume that the General Assembly did so
 purposefully.").

 ¶11
 This interpretation is reinforced by C.A.R. 4(b)(6), which
 outlines the procedure for prosecutorial appeals. Rule
 4(b)(6)(A) says, "Unless otherwise provided by statute
 or these rules, when an appeal by the state or the people is
 authorized by statute, the notice of appeal must be filed
 in the court of appeals within [forty-nine] days after
 the entry of judgment or order appealed from." C.A.R.
 4(b)(6)(A) (emphasis added). Although Rule 4(b)(6)(B)
 provides procedures that apply if the appealed order
 "dismiss[ed] one or more but less than all
 counts of a charging document," C.A.R. 4(b)(6)(B)
(emphasis added), here, all of Hernandez's charges were
 dismissed, and the appeal is authorized by section
 16-12-102(1). Therefore, Rule 4(b)(6)(A) controls, and the
 appeal must be filed in the court of appeals.

 ¶12
The People point to language in Rule 4(b)(6)(B) requiring an
 appeal to be filed in the supreme court if the appealed order
 "is based on a determination that a statute . . . is
 unconstitutional." This language mirrors section
 13-4-102(1)(b), which excludes from the court of appeals'
 jurisdiction "[c]ases in which a statute . . . has been
 declared unconstitutional." The People contend that
 because

 Hernandez's counts were dismissed on constitutional
 grounds, the appeal must be filed with this court.

 ¶13
 However, this argument relies on an overbroad interpretation
 of the phrase "[c]ases in which a statute . . . has been
 declared unconstitutional." If this phrase were
 construed to encompass any constitutional ruling
 dismissing charges, the court of appeals would lack
 jurisdiction to consider many of the cases it regularly
 decides dealing with as-applied constitutional challenges.
See, e.g., People v. Lee, 2019 COA 130,
 ¶ 2, 477 P.3d 732, 734 (affirming the district
 court's dismissal of charges on as-applied equal
 protection grounds). Instead, we construe the phrase
 "[c]ases in which a statute . . . has been declared
 unconstitutional" in section 13-4-102(1)(b) to apply to
 situations in which a district court has declared a statute
 to be facially unconstitutional.

 ¶14
 A facial constitutional challenge is "a claim that the
 law or policy at issue is unconstitutional in all its
 applications." Bucklew v. Precythe, 587 U.S.
 119, 138 (2019). By contrast, an as-applied constitutional
 challenge contends that a provision is unconstitutional under
 the specific circumstances in which a party has acted or is
 planning to act. Developmental Pathways v. Ritter,
 178 P.3d 524, 533-34 (Colo. 2008). "The practical effect
 of holding a statute unconstitutional as applied is to
 prevent its future application in a similar context, but not
 to render it utterly inoperative." Id. at 534
(quoting Sanger v. Dennis, 148 P.3d 404, 411
(Colo.App. 2006)).

Accordingly, in as-applied constitutional challenges, the
 issue is whether certain actions are unconstitutional
 applications of the law, not whether a statute should be
 "declared unconstitutional" in all of its
 possible applications.

 ¶15
This case clearly exemplifies this point. The district court
 did not declare section 18-8-615(1), which defines the
 offense of retaliation against a judge, to be
 unconstitutional in every possible scenario. Rather, the
 court concluded that the charge against Hernandez was
 unconstitutional because it sought to criminalize protected
 nonthreatening speech. The People's appeal from this
 ruling was therefore not required to be filed in this court
 under C.A.R. 4(b)(6)(B).

 ¶16
 Finally, the fact that the People erroneously filed their
 appeal in this court does not result in dismissal, as
 Hernandez contends. Under section 13-4-110(2), "Any case
 within the jurisdiction of the court of appeals which is
 filed erroneously in the supreme court shall be transferred
 to the court of appeals by the supreme court." Section
 13-4-110(3) further specifies that "[n]o case filed
 either in the supreme court or the court of appeals shall be
 dismissed for having been filed in the wrong court but shall
 be transferred and considered properly filed in the court
 which the supreme court determines has jurisdiction."
Because jurisdiction in the court of appeals is proper, this
 appeal must be transferred to that court.

 III.
Conclusion

 ¶17
 IT IS THEREFORE ORDERED that jurisdiction of this appeal is
 transferred to the court of appeals under sections
 13-4-110(2) and (3).