1
 2026 CO 30 The People of the State of Colorado, Petitioner/Cross-Respondent: v. Javier Vega Dominguez, Respondent/Cross-Petitioner: No. 24SC319Supreme Court of Colorado, En BancMay 11, 20262
 
          
 Certiorari to the Colorado Court of Anneals Court of Appeals
 Case No. 21CA1144.
 
 
          
 Attorneys for Petitioner/Cross-Respondent: Philip J. Weiser,
 Attorney General Jessica E. Ross, Senior Assistant Attorney
 General &Assistant Solicitor General Aric Smith,
 Assistant Attorney General Denver, Colorado.
 
 
          
 Attorneys for Respondent/Cross-Petitioner: Megan A. Ring,
 Public Defender Kamela Maktabi, Deputy Public Defender
 Denver, Colorado.
 
 
          
 JUSTICE GABRIEL delivered the Opinion of the Court, in which
 CHIEF JUSTICE MARQUEZ, JUSTICE BOATRIGHT, JUSTICE HOOD,
 JUSTICE SAMOUR, JUSTICE BERKENKOTTER, and JUSTICE BLANCO
 joined.
 
 3
 
          
 OPINION
 
 
          
 GABRIEL, JUSTICE.
 
 
          ¶1
 We granted certiorari to consider whether (1) a division of
 the court of appeals erred in concluding that defendant
 Javier Vega Dominguez's conviction for attempted
 patronizing a prostituted child plainly violated
 Colorado's equal protection doctrine because that
 conviction prohibited the same conduct as attempted
 inducement of child prostitution, for which Vega Dominguez
 was also convicted, but carried a higher sentence; and (2)
 the trial court erred by declining to instruct the jury on
 the applicable mental state for the crime of soliciting for
 child prostitution, which Vega Dominguez contends is
 "intentionally."[1]
 
 
          ¶2
 As to the first issue, we conclude that any error as to
 whether Vega Dominguez's conviction for attempted
 patronizing a prostituted child violated Colorado's equal
 protection principles was not obvious and, therefore, was not
 
 4
 
 plain. Accordingly, we reverse the division's contrary
 judgment, and we vacate its merits analysis on that question.
 
 
          ¶3
 As to the second issue, we conclude, in accordance with our
 decision in Randolph v. People, 2025 CO 44, ¶
 4, 570 P.3d 1022, 1024 ("Randolph II"),
 that the culpable mental state for soliciting for child
 prostitution is "knowingly," and we further
 conclude, as did the division below, that the instructions
 given, when read as a whole, properly instructed the jury on
 that element.
 
 
          ¶4
 Accordingly, we affirm in part, reverse in part, and vacate
 in part the division's judgment.
 
 
          I.
 Facts and Procedural History
 
 
          ¶5
 J.S., who was fifteen years old at the time, went to Walmart
 with his father. While they were at the store, Vega Dominguez
 approached J.S. and asked J.S. if he was with anyone else.
 Vega Dominguez then offered J.S. money if J.S. would sell
 pornographic movies and vibrators for him. Vega Dominguez
 also offered J.S. money for oral sex and asked J.S. to go to
 his house to have sex with him and see the pornographic
 movies. J.S. declined each of these offers, and Vega
 Dominguez gave J.S. his phone number.
 
 
          ¶6
 J.S. then told his father about the encounter, and he and his
 father contacted the police.
 
 5
 
          ¶7
 Law enforcement later commenced an undercover operation in
 which a detective representing himself as J.S. initiated text
 message exchanges with Vega Dominguez. During these
 exchanges, Vega Dominguez asked J.S. how old he was, and J.S.
 said that he was fifteen years old. Vega Dominguez then asked
 J.S. for naked photos of himself and offered to pay J.S. for
 sex.
 
 
          ¶8
 The detective portraying J.S. subsequently arranged to meet
 Vega Dominguez in person. When Vega Dominguez arrived and
 stopped near the agreed location, the police arrested him and
 found lubricant in his vehicle. Vega Dominguez was later
 charged with (1) soliciting for child prostitution; (2)
 sexual exploitation of children; (3) criminal attempt to
 commit patronizing a prostituted child; and (4) criminal
 attempt to commit inducement of child prostitution.
 
 
          ¶9
 The case proceeded to trial, and, as pertinent to the issues
 before us, the trial court gave the jury the following
 instructions:
 
 
 Instruction No. 15
 
 
 A crime is committed when the defendant has committed a
 voluntary act prohibited by law, together with a culpable
 state of mind. ....
 
 
 The culpable state of mind is as much an element of the crime
 as the act itself and must be proven beyond a reasonable
 doubt, either by direct or circumstantial evidence[.]
 
 
 In this case, the applicable state of mind is
 explained below:
 
 
 A person acts "knowingly" or "willfully"
 with respect to conduct or to a circumstance described by a
 statute defining an offense when he
 
 6
 
 is aware that his conduct is of such nature or that such a
 circumstance exists. A person acts "knowingly" or
 "willfully", with respect to a result of his
 conduct, when he/she is aware that his conduct is practically
 certain to cause the result.
 
 
 (Emphasis added.)
 
 
 Instruction No. 16
 
 
 The elements of the crime of Soliciting for Child
 Prostitution are:
 
 
 1. That the defendant,
 
 
 2. in the State of Colorado, at or about the date and place
 charged,
 
 
 3. solicited another,
 
 
 4. for the purpose of prostitution of a child or by a child.
 
 
          ¶10
 The jury found Vega Dominguez guilty on all four counts, and
 the trial court subsequently sentenced him to six years in
 the Department of Corrections for soliciting for child
 prostitution, six years for sexual exploitation of a child,
 six years to life for criminal attempt to commit patronizing
 a prostituted child, and four years for criminal attempt to
 commit inducement of child prostitution. The sentences on the
 solicitation, attempted patronizing, and attempted inducement
 counts were to run concurrently with one another, and the
 sentence on the exploitation count was to run consecutively
 to those counts.
 
 
          ¶11
 Vega Dominguez then appealed, arguing, as pertinent here,
 that (1) as applied to him, the crime of attempted
 patronizing a prostituted child prohibited the same conduct
 as the crime of attempted inducement of child prostitution
 but
 
 7
 
 the former carried a harsher sentence, and thus his attempted
 patronizing conviction violated his equal protection rights;
 and (2) the mens rea for the crime of soliciting for child
 prostitution is "intentionally" and the trial court
 therefore erred by instructing the jury that it was
 "knowingly." People v. Dominguez, 2024 COA
 32, ¶¶ 1, 9, 551 P.3d 1205, 1207-08. Vega Dominguez
 had not preserved either of these issues for appeal.
 Id. at ¶ 8, 551 P.3d at 1208.
 
 
          ¶12
 In a unanimous, published opinion, a division of the court of
 appeals vacated the conviction for attempted patronizing a
 prostituted child and therefore remanded for amendment of the
 mittimus but otherwise affirmed the judgment of conviction.
 Id. at ¶ 2, 551 P.3d at 1207.
 
 
          ¶13
 In support of its ruling regarding the attempted patronizing
 count, the division, reviewing for plain error, id.
 at ¶ 8, 551 P.3d at 1208, noted that
 "Colorado's guarantee of equal protection is
 violated where two criminal statutes proscribe identical
 conduct, yet one punishes that conduct more harshly,"
 id. at ¶ 16, 551 P.3d at 1209 (quoting Dean
 v. People, 2016 CO 14, ¶ 14, 366 P.3d 593, 597).
 The division further observed that, when evaluating an
 as-applied equal protection challenge like the one before it,
 courts consider whether, in the circumstances under which the
 defendant acted, the pertinent statutes punish identical
 conduct and whether a reasonable distinction may be drawn
 between the conduct proscribed by the two statutes.
 Id. at ¶ 17, 551 P.3d at 1209. To establish
 
 8
 
 such a reasonable distinction, the division noted, the
 statutory classifications of the crimes at issue must be
 "based on differences that are real in fact and
 reasonably related to the general purposes of criminal
 legislation." Id. at ¶ 18, 551 P.3d at
 1209 (quoting People v. Tarr, 2022 COA 23, ¶
 59, 511 P.3d 672, 684, rev'd on other grounds,
 Tarr v. People, 2024 CO 37, 549 P.3d 966).
 
 
          ¶14
 Turning to the statutes at issue, the division opined that
 the crime of attempted patronizing a prostituted child
 carries a harsher penalty than does the crime of attempted
 inducement of child prostitution, yet, in the division's
 view, on the facts presented, the respective statutes
 proscribed the same conduct, thus resulting in an equal
 protection violation. Id. at ¶¶ 20-21, 30,
 551 P.3d at 1209-11. ¶15 The division further concluded
 that this violation was obvious in light of a prior
 division's decision in People v. Maloy, 2020 COA
 71, 465 P.3d 146, and also substantial, thus amounting to
 plain error. Dominguez, ¶ 30, 551 P.3d at 1211.
 In Maloy, ¶ 22, 465 P.3d at 154, the division
 had concluded that, as applied to the defendant's conduct
 in that case, the defendant's conviction for patronizing
 a prostituted child violated the defendant's right to
 equal protection because the crimes of pandering of a child
 and inducement of child prostitution penalized the same or
 more culpable conduct as patronizing but carried lighter
 sentences. In reaching this conclusion, the Maloy
 division noted that a "critical facial difference"
 between inducement and patronizing was that inducement
 required proof that
 
 9
 
 money or another thing of value was exchanged, whereas
 patronizing criminalized the same conduct but did not
 necessarily require proof that money or something of value
 was exchanged. Id. at ¶ 33, 465 P.3d at 155.
 Because, on the facts presented, however, money was
 exchanged, the Maloy division concluded that the
 defendant's conduct violated both statutes in precisely
 the same way. Id. at ¶ 34, 465 P.3d at 155.
 
 
          ¶16
 Rejecting the People's argument that Maloy was
 distinguishable on multiple grounds, the division below
 extended the Maloy division's analysis to
 conclude that Vega Dominguez's equal protection rights
 had been plainly violated in this case. Dominguez,
 ¶¶ 2, 27-30, 551 P.3d at 1207, 1210-11.
 
 
          ¶17
 As to the second issue, the division, following another
 division's opinion in People v. Randolph, 2023
 COA 7M, ¶ 31, 528 P.3d 917, 923 ("Randolph
 I"), aff'd, Randolph II,
 ¶ 67, 570 P.3d at 1036, initially determined that the
 mens rea for soliciting for child prostitution is
 "knowingly," not "intentionally."
 Dominguez, ¶ 10, 551 P.3d at 1208. The division
 then proceeded to address Vega Dominguez's alternative
 argument that even under Randolph I, the elemental
 instruction for the soliciting count was erroneous because it
 did not include any mens rea. Id. at ¶
 11, 551 P.3d at 1208. Although the division noted that Vega
 Dominguez did not raise this issue until his reply brief and
 that divisions generally do not address arguments raised for
 the first time at that stage of the briefing, the division
 
 10
 
 nonetheless addressed the issue and concluded that the
 omission of the applicable mental state from the elemental
 instruction for soliciting for child prostitution was not
 plain error because another instruction (Instruction No. 15)
 had correctly advised the jury as to the applicable mental
 state. Id. at ¶¶ 11-12, 551 P.3d at 1208.
 
 
          ¶18
 The People petitioned for certiorari, and Vega Dominguez
 cross-petitioned. We granted both the petition and the
 cross-petition.
 
 
          II.
 Analysis
 
 
          ¶19
 We begin by addressing the applicable standard of review. We
 then turn to the question of whether the division correctly
 determined that the trial court had plainly erred in entering
 judgment on the jury's guilty verdict for attempted
 patronizing a prostituted child. We end by examining whether
 the trial court plainly erred in declining to include the
 applicable mental state in the elemental instruction for the
 crime of soliciting for child prostitution.
 
 
          A.
 Standard of Review
 
 
          ¶20
 Vega Dominguez raised both his equal protection and jury
 instruction claims for the first time on appeal to the
 division below, and thus, those claims were not preserved. We
 review unpreserved constitutional and nonconstitutional
 errors for plain error. Hagos v. People, 2012 CO 63,
 ¶ 14, 288 P.3d 116, 120. Plain error is both obvious and
 substantial. Id. Obvious error must ordinarily
 contravene a clear statutory command, a well-settled legal
 principle, or Colorado
 
 11
 
 case law. Scott v. People, 2017 CO 16, ¶ 16,
 390 P.3d 832, 835. An error is substantial when it so
 undermines the fundamental fairness of a trial as to cast
 serious doubt on the reliability of the judgment of
 conviction. Hagos, ¶ 14, 288 P.3d at 120.
 
 
          ¶21
 With respect to jury instructions, we have observed that a
 "court's failure to instruct the jury properly does
 not constitute plain error if the relevant instruction, read
 in conjunction with other instructions, adequately informs
 the jury of the law." People v. Miller, 113
 P.3d 743, 750 (Colo. 2005). We have further opined that an
 erroneous jury instruction does not ordinarily constitute
 plain error when the issue is uncontested at trial or the
 record contains overwhelming evidence of the defendant's
 guilt. Id.
 
 
          ¶22
 We review a statute's constitutionality, both facially
 and as applied, de novo. Dean, ¶ 8, 366 P.3d at
 596.
 
 
          B.
 The Attempted Patronizing a Prostituted Child Count
 
 
          ¶23
 The Equal Protection Clause of the Fourteenth Amendment
 provides that no state shall "deny to any person within
 its jurisdiction the equal protection of the laws." U.S.
 Const. amend. XIV, § 1. Although the Colorado
 Constitution does not contain an equal protection clause, we
 have construed our constitution's due process clause,
 Colo. Const. art. II, § 25, to imply a similar
 guarantee, Dean, ¶ 11, 366 P.3d at 596.
 "Equal protection of the laws assures the like treatment
 of all persons who are similarly situated." Id.
 
 12
 
          ¶24
 We have long held that "Colorado's guarantee of
 equal protection is violated where two criminal statutes
 proscribe identical conduct, yet one punishes that conduct
 more harshly." People v. Lee, 2020 CO 81,
 ¶ 14, 476 P.3d 351, 354 (quoting Dean, ¶
 14, 366 P.3d at 597). Similarly, we have said that
 "separate statutes proscribing with different penalties
 what ostensibly might be different acts, but offering no
 intelligent standard for distinguishing the proscribed
 conduct, run afoul of equal protection under state
 constitutional doctrine." Id. (quoting
 People v. Marcy, 628 P.2d 69, 75 (Colo. 1981)).
 Accordingly, we have observed that "to overcome an equal
 protection challenge, 'a person of average
 intelligence' must be able to distinguish the conduct
 proscribed by one offense from the conduct proscribed by
 another." Id. (quoting People v.
 Griego, 2018 CO 5, ¶ 36, 409 P.3d 338, 344). In
 addition, "the distinction between the two offenses must
 be 'sufficiently pragmatic' to 'permit an
 intelligent and uniform application of the law.'"
 Id. (quoting Marcy, 628 P.2d at 78).
 
 
          ¶25
 An as-applied constitutional challenge like that at issue
 asserts that a provision is unconstitutional under the
 circumstances in which a party has acted or is planning to
 act. People v. Hernandez, 2025 CO 13, ¶ 14, 566
 P.3d 995, 998. A holding that a statute is unconstitutional
 as applied prevents the statute's future application in a
 similar context but does not render it completely
 inoperative. Id. Accordingly, in an as-applied
 challenge, a court considers whether certain actions
 
 13
 
 are unconstitutional applications of the law, not whether the
 statute at issue should be deemed unconstitutional in all of
 its possible applications. Id.
 
 
          ¶26
 As pertinent here, section 18-7-405.5(1), C.R.S. (2025),
 defines the crime of inducement of child prostitution and
 provides, "Any person who by word or action, other than
 conduct specified in section 18-7-403(1)(a)[, C.R.S. (2025)],
 induces a child to engage in an act which is prostitution by
 a child, as defined in section 18-7-401(6)[, C.R.S. (2025)],
 commits inducement of child prostitution."
 
 
          ¶27
 Section 18-7-406(1)(a), C.R.S. (2025), defines the crime of
 patronizing a prostituted child and states, "Any person
 who performs any of the following with a child not his spouse
 commits patronizing a prostituted child: (a) Engages in an
 act which is prostitution of a child or by a child, as
 defined in section 18-7-401(6) or (7) . . . ."
 
 
          ¶28
 Sections 18-7-401(6) and (7), in turn, define the relevant
 statutory phrases:
 
 
 (6) "Prostitution by a child" means either a child
 performing or offering or agreeing to perform any act of
 sexual intercourse, fellatio, cunnilingus, masturbation, or
 anal intercourse with any person not the child's spouse
 in exchange for money or other thing of value or any person
 performing or offering or agreeing to perform any act of
 sexual intercourse, fellatio, cunnilingus, masturbation, or
 anal intercourse with any child not the person's spouse
 in exchange for money or other thing of value.
 
 
 (7) "Prostitution of a child" means either inducing
 a child to perform or offer or agree to perform any act of
 sexual intercourse, fellatio, cunnilingus, masturbation, or
 anal intercourse with any person not the child's spouse
 by coercion or by any threat or intimidation or inducing a
 child, by coercion or by any threat or intimidation or in
 
 14
 
 exchange for money or other thing of value, to allow any
 person not the child's spouse to perform or offer or
 agree to perform any act of sexual intercourse, fellatio,
 cunnilingus, masturbation, or anal intercourse with or upon
 such child. Such coercion, threat, or intimidation need not
 constitute an independent criminal offense and shall be
 determined solely through its intended or its actual effect
 upon the child.
 
 
          ¶29
 Both inducement of child prostitution and patronizing a
 prostituted child are class 3 felonies. § 18-7-405.5(2),
 § 18-7-406(2). Criminal attempt to commit a class 3
 felony is a class 4 felony. § 18-2-101(4), C.R.S.
 (2025).
 
 
          ¶30
 In addition, criminal attempt to commit patronizing a
 prostituted child is defined as a "[s]ex offense,"
 § 18-1.3-1003(5)(a)(X), (b), C.R.S. (2025), and a person
 who is convicted of a sex offense is a "[s]ex
 offender," § 18-1.3-1003(4). Subject to exceptions
 not pertinent here, a trial court is required to sentence a
 sex offender to the custody of the Department of Corrections
 for an indeterminate term of at least the minimum of the
 presumptive sentencing range for the level of offense
 committed and a maximum of the sex offender's natural
 life. § 18-1.3-1004(1)(a), C.R.S. (2025). The trial
 court thus sentenced Vega Dominguez to six years to life for
 the conviction of criminal attempt to commit patronizing a
 prostituted child.
 
 
          ¶31
 Criminal attempt to commit inducement of child prostitution,
 however, is not defined as a "[s]ex offense" under
 section 18-1.3-1003(5)(a). The trial court thus sentenced
 Vega Dominguez to four years for that conviction.
 
 15
 
          ¶32
 Here, as noted above, the division concluded that the trial
 court had plainly erred in entering judgment on the attempted
 patronizing count because, in the division's view, on the
 facts presented, the attempted patronizing count punished the
 identical conduct as the attempted inducement count but
 punished the conduct more harshly.
 
 
          ¶33
 Even assuming error by the trial court in this regard,
 however, we conclude that any error was not plain. As noted
 above, for an error to be plain it must be obvious. See
 Hagos, ¶ 14, 288 P.3d at 120. And to be obvious,
 the error must ordinarily contravene a clear statutory
 command, a well-settled legal principle, or Colorado case
 law. Scott, ¶ 16, 390 P.3d at 835.
 
 
          ¶34
 Here, no prior case had decided the question now before us on
 identical facts. Indeed, the principal authority on which the
 division relied was another division's opinion in
 Maloy, but the facts of Maloy were
 different from the facts presented here.
 
 
          ¶35
 In Maloy, ¶ 21, 465 P.3d at 154, the division
 determined that the evidence had established that the
 defendant's conduct fell under the "prostitution of
 a child" prong of the patronizing statute, which
 required the prosecution to prove either that (1) the
 defendant induced a child to perform certain sexual
 acts with another by coercion, threats, or intimidation or
 (2) the defendant induced a child by coercion,
 threats, or intimidation, or in exchange for money
 or another thing of
 
 16
 
 value, to allow another to perform sexual acts on the child.
 Because money was exchanged in that case, the division
 believed that the defendant's conduct violated the
 patronizing and inducement statutes in the same way.
 Id. at ¶ 34, 465 P.3d at 155.
 
 
          ¶36
 Here, in contrast, substantial evidence supported Vega
 Dominguez's conviction for attempted patronizing under
 the prostitution "by a child" prong of the statute,
 which required the prosecution to prove, not inducement of a
 child to act, but that a child performed, or offered or
 agreed to perform, certain sexual acts in exchange for money
 or another thing of value. § 18-7-401(6), §
 18-7-406(1)(a). Accordingly, the facts at issue here involved
 potential distinctions between patronizing and inducing that
 were not at issue in Maloy.
 
 
          ¶37
 In addition, Maloy involved completed acts of
 patronizing and inducement, see Maloy, ¶¶
 3-8, 465 P.3d at 151-52, whereas the present case involved
 attempted acts and therefore different statutory elements.
 
 
          ¶38
 These distinctions demonstrate that any error by the trial
 court as to the equal protection issue (and we need not and
 do not opine that the trial court, in fact, erred here) did
 not contravene either a clear statutory command, a
 well-settled legal principle, or Colorado case law. Indeed,
 this appears to explain why the division below did not
 conclude that Maloy was directly on point but rather
 reached its conclusion by professing to extend the
 analysis in that case.
 
 17
 
 Dominguez, ¶ 2, 551 P.3d at 1207. Absent clear,
 settled, on-point legal authority, however, by definition,
 any error was not obvious and, therefore, was not plain.
 See Scott, ¶ 16, 390 P.3d at 835.
 
 
          ¶39
 For these reasons, we reverse the division's judgment on
 the equal protection issue, and we vacate its analysis on the
 merits of whether the entry of a judgment of conviction for
 attempted patronizing a prostituted child, on the facts
 presented, violated Colorado's equal protection doctrine.
 
 
          C.
 Jury Instruction for Soliciting for Child
 Prostitution
 
 
          ¶40
 Vega Dominguez asserts that the trial court erred by not
 instructing the jury on the pertinent mental state for
 soliciting for child prostitution, which he contends was
 "intentionally." Because Vega Dominguez did not
 preserve this issue, our review is for plain error. See
 Hagos, ¶ 14, 288 P.3d at 120.
 
 
          ¶41
 Section 18-7-402(1)(a), C.R.S. (2025), which defines the
 crime of soliciting for child prostitution for which Vega
 Dominguez was charged, provides, in pertinent part, "A
 person commits soliciting for child prostitution if he . . .
 [s]olicits another for the purpose of prostitution of a child
 or by a child . . . ."
 
 
          ¶42
 In Randolph II, ¶ 4, 570 P.3d at 1025, we held
 that the culpable mental state for soliciting for child
 prostitution under section 18-7-402(1)(a) and section
 18-7-402(1)(b) is "knowingly," i.e., the same
 mental state designated in section
 
 18
 
 18-7-402(1)(c). Accordingly, we reject Vega Dominguez's
 contention that the applicable mental state for this crime is
 "intentionally."
 
 
          ¶43
 Vega Dominguez alternatively contends that even if the
 applicable mental state is "knowingly," the trial
 court erred in not including that mens rea in the elemental
 instruction for soliciting for child prostitution. As noted
 above, however, the trial court did instruct the
 jury as to the applicable state of mind —
 "knowingly"— in a separate instruction.
 Specifically, Instruction No. 15 provided that Vega
 Dominguez's culpable state of mind "[i]n this
 case" was "knowingly" or
 "willfully," terms that the instruction defined
 identically, as quoted above. The instruction further
 provided that "[a] crime is committed when the defendant
 has committed a voluntary act prohibited by law, together
 with a culpable state of mind" and that "[t]he
 culpable state of mind is as much an element of the crime as
 the act itself . . . ." Instruction No. 15 thus advised
 the jury that to convict, it had to find that Vega Dominguez
 possessed the applicable culpable state of mind as to each
 crime charged, and the instruction further correctly stated
 that this mens rea was "knowingly" (or the
 identically defined "willfully").
 
 
          ¶44
 In light of the foregoing, we perceive no error —much
 less plain error—in the trial court's instruction
 as to the appropriate mental state for the crime of
 soliciting for child prostitution.
 
 19
 
          ¶45
 Accordingly, we affirm the division's judgment as to Vega
 Dominguez's conviction for soliciting for child
 prostitution.
 
 
          III.
 Conclusion
 
 
          ¶46
 For these reasons, we conclude that the division erred when
 it determined that the trial court had plainly erred in
 entering a judgment of conviction on the jury's verdict
 finding Vega Dominguez guilty of attempted patronizing a
 prostituted child, notwithstanding what the division
 perceived to be an equal protection violation. In our view,
 even had the trial court erred in this regard, any error was
 not obvious and therefore was not plain.
 
 
          ¶47
 We further conclude that the trial court did not err, much
 less plainly err, in the manner in which it instructed the
 jury as to the applicable mental state of
 "knowingly." Specifically, we conclude that when
 read as a whole, the instructions properly advised the jury
 as to the applicable mental state, even though that mens rea
 was not included in the elemental instruction for soliciting
 for child prostitution, but rather was included in a general
 instruction regarding the applicable mental state.
 
 
          ¶48
 Accordingly, we (1) reverse the portion of the division's
 opinion concluding that the trial court had plainly erred in
 entering a judgment of conviction on the jury's verdict
 finding Vega Dominguez guilty of attempted patronizing a
 prostituted child, and we vacate the division's analysis
 on the merits of that issue;
 
 20
 
 and (2) affirm the portion of the division's judgment
 upholding Vega Dominguez's conviction for soliciting for
 child prostitution.
 
 
 ---------
 
 
 Notes:
 
 
 [1] Specifically, we granted certiorari to
 review the following issues:
 
 
 1. Whether the court of appeals improperly held that
 Colorado's equal protection doctrine was plainly violated
 by respondent's conviction for attempted patronizing a
 prostituted child because it prohibited the same conduct as
 attempted inducement of child prostitution.
 
 
 2. Whether the trial court reversibly erred by failing
 to instruct the jury on a required mental state for the crime
 of soliciting for child prostitution, and whether the
 required mental state for soliciting for child prostitution
 is intentionally.
 
 
 ---------